F. A. MITCHELL v. J. T. ROBISON, COMMISSIONER, ETC.

No. 2090. Decided December 21, 1910.

**School Land—Certificate of Occupancy—Cancellation of Sale.**

After a purchaser of school land has, on making the required proof of his three years' occupancy and improvement of the land, received from the Commissioner of the General Land Office the certificate of such occupancy provided by law, the Commissioner is without power to cancel the sale either for his failure to occupy the land as required or for collusion with others in making the purchase. Logan v. Curry, 95 Texas, 664, followed.

Original application to the Supreme Court, by Mitchell, for writ of mandamus against the Land Commissioner.

*J. A. Gillett,* for relator.

*Jewell P. Lightfoot,* Attorney-General, and *L. A. Dale* and *Saml. D. Snodgrass,* Assistants, for respondent.

MR. CHIEF JUSTICE GAINES* delivered the opinion of the court.

This is a petition for a mandamus against J. T. Robison, Commissioner of the General Land Office, to compel him to set aside an order cancelling the sale of certain lands belonging to the public free school fund, and to reinstate the sales. The facts averred in the petition are that one Salvador Chavira in 1904 had purchased the lands in controversy from the respondent, and that after a lapse of three years thereafter Chavira filed his affidavit of occupancy of the lands, supported by the affidavit of three disinterested persons, and that thereupon the Commissioner of the General Land Office issued to him a certificate that he had occupied the land for three years as required by law; that thereafter relator without knowledge of any defect in the title to said lands and for a valuable consideration bought the lands from said Chavira and had them conveyed to him. The relator also avers the cancellation of the sales made by the Commissioner to the relator and that the Commissioner had since sold the lands to three different purchasers and that he had brought suit against each of said purchasers and had obtained a judgment against each of them for the land.

The decision of this court in the case of Logan v. Curry (95 Texas, 664), covers this case at every point. It is held in that case that after the lapse of three years when the purchaser has made his affidavit of occupancy and improvement and the Commissioner has issued him a certificate showing that he has occupied and improved the land as required by the statute; that the latter has no power to cancel the sale for failure to occupy the land. So also as to the question of collusion. It is also distinctly held in that case, that when the applicant makes the affidavit required of a purchaser and the Commissioner accepts it and awards the sale; that that action settles the question of collusion and the Commissioner is without power to cancel the sale upon that ground.

Accordingly, the mandamus as prayed for is awarded.

---

* This opinion and the next, which merely follows it, were the last delivered by Mr. Chief Justice Gaines. Failing health compelled him to resign, in January, 1911, the position where his justice, learning and wisdom had so long adorned the jurisprudence of the State. His first published opinion was in Harris v. Petty, 66 Texas, 86, delivered October 15, 1886.—The Reporter.