AMERICAN BOOK COMPANY v. S. M. N. MARRS, STATE SUPERINTENDENT OF PUBLIC INSTRUCTION.

No. 4071.   Decided May 7, 1924.

(262 S. W., 730).

Constitutional Law—Contract by State—Public School Books—Mandamus—
Board of Education—State Superintendent.

This case, presenting the same questions as that of Charles Scribner's Sons v. Marrs, ante, p. 11, is governed by the rulings made therein, which are approved and followed. (Pp. 40-42).

Original application to the Supreme Court by the Book Co. for writ of mandamus against the State Superintendent of Public Instruction.

H. M. Garwood, Walter H. Walne, C. F. Smith, R. L. Batts, V. L. Brooks and James H. Hart, for relator. See briefs in case of Charles Scribner's Sons v. Marrs, ante, pp. 13-15.

W. A. Keeling, Attorney-General, John C. Wall, Assistant, Etheridge, McCormick & Bromberg, A. M. Frazier, T. N. Jones, and Charles L. Black, for respondent. See briefs in case of Charles Scribner's Sons v. Marrs, ante, pp. 15-17.

MR. JUSTICE PIERSON delivered the opinion of the court.

This case, in point of fact and law, is identical with the case of Charles Scribner's Sons, Relator, v. S. M. N. Marrs, State Super-

intendent of Public Instruction of the State of Texas, Respondent, this day decided by this Court.

Here relator, American Book Company, alleges that it has two certain contracts with the State of Texas,. entered into between it and the State Textbook Commission, by the terms of which it obligated itself to furnish and sell to the State of Texas textbooks known as "Essentials of Geography, Books 1 and 2, by Brigham & McFarlane, and the following supplementary readers: Story Hour Primer, and Story Hour Readers, Books 1, 2 and 3; and Carpenter's Geographical Reader, New Europe," and the State of Texas had obligated itself to use said textbooks in its public schools for a period of six years.

Its allegations relating to the preparation of the contracts and the manner of their execution by it and the State Textbook Commission, and relating to the making and filing of its bonds, are substantially the same as in the case of Charles Scribner's Sons v. Marrs, Superintendent.

Also, as in that case, respondent admits the correctness of the alleged facts and acts leading up to the making of the contracts on the part of relator and the State Textbook Commission, and, as there, defends on the ground that the contracts and bonds were not approved by the Commission, but instead by the Governor, the chairman of the Commission, by virtue of a resolution of the Commission directing him to approve and sign the contracts. His position is that the provisions of Article 2909h are mandatory wherein it is provided: "Each contract shall be duly signed by the publishing house or its authorized officers and agents; and if it is found to be in accordance with the award and all the provisions of this Act, and if the bond herein required is presented and duly approved the Commission shall approve said contract and order it to be signed on behalf of the State by the Governor in his capacity as chairman"; that this provision was not complied with, and therefore *no contracts* were perfected and actually entered into between relator and the State Textbook Commission.

Relator replies that these acts were done in substantial compliance with the statute; and, further, that the State Board of Education is charged by law with the duty and responsibility of determining who are contractors with the State, and with the duty of purchasing and distributing free textbooks for use in the public free schools of the State, under the management of respondent; that said State Board of Education had acted in the matter of its contracts, and had directed respondent to observe them; that respecting its contracts the duties of respondent are wholly ministerial, and that he is without authority to contest their validity.

As in the case of Charles Scribner's Sons v. Marrs, Superintendent, we hold that Article 2909b, R. S., which authorizes contracts of this

character to be made for a period of six years, is not repugnant to the Constitution of the State.

For the reasons stated in that case, we hold also that respondent. is without authority to contest the validity of these contracts.

The writ of mandamus is granted as prayed for.

Opinion delivered May 7, 1924.

### ON MOTION FOR REHEARING.

In an opinion on rehearing to-day filed in the case of Charles Scribner's Sons, Relator, vs. S. M. N. Marrs, State Superintendent, etc., Respondent, this Court held the contract in that case to be neither void nor voidable, but in all respects valid and binding between the relator and the State.

The contract and the bond in this case and the facts attendant upon their execution are, in all the respects which affect their validity, the same as in that case. For the same reasons stated therein, we likewise hold this contract to be valid.

The motion for rehearing is overruled.

Opinion delivered June 12, 1924.