McMILLAN COMPANY v. S. M. N. MARRS, STATE SUPERINTENDENT OF
PUBLIC INSTRUCTION.

No. 4387.   Decided June 10, 1925.

(273 S. W., 794).

1.—School Text Books—Contract—Waiver and Election—Mandamus—Suit
Against State—Case Followed.

This case being governed by the rulings in Laidlaw Bros. v.. Marrs, 114
Texas, 561, mandamus is awarded in accordance with the opinion therein,
which is approved and followed.   (P. 577).

2.—Affidavit—Information and Belief—Waiver.

If the affidavit required to be furnished by the contractor as to the con-
nection of its stockholders with other publishing houses was insufficient be-
cause made only on information and belief, this was a mere irregularity,
rendering the contract, at most, only voidable, and could be and was waived
by the Board of Education by their approval of the contract. (Pp. 577).

Original application to the Supreme Court, by the McMillan Co.,
for writ of mandamus against Marrs, as State Superintendent of
Public Instruction.

*Chas. L. Black,* for relator.

*Dan Moody,* Attorney-General, and *Wright Morrow, C. A. Wheel-
er,* and *L. C. Sutton,* (*W. G. Love,* of counsel), for respondent.

We most respectfully and earnestly urge that this is a suit against
the State to compel the performance of executory contracts and that
it is not the law that there must be express legislative authority to
breach a State's contract before the rule applies that mandamus will
not lie to compel State officers to do acts amounting to performance of
State contracts or to prevent the doing of acts amounting to a breach
of such contracts.   We cite the following authorities:  Carolina Glass
Co. v. State, 240 U. S., 305; Jobe v. Urquhart, 143 S. W., 121; 102
Ark. 470; Ann. Cas. 1914A 351; Allen Engineering Co. v. Kays, 152
S. W., 992, 106 Ark., 174; Thomas v. State, 100 Pac., 761, 16 Idaho,
81; McDowell v. Fuller, 135 N. W., 265, 169 Mich., 332; Seitz v.
Messerchmitt, 102 N. Y. S., 732, 117 App. Div., 401, Aff. 81 N. E.,
1175, 188 N. Y., 587; Switzer v. Commissioners, 119 N. Y. S., 383,
134 App. Div., 487; Love v. Filtsch, 124 Pac., 30, 33 Okl., 131, 44 L.
R. A. (N. S.) 212; Miller Supply Co. v. State Board of Control, 78 S.
E., 672, 72 W. Va., 524; State v. Field, 201 Pac., 1059; Mississippi
Centennial Expo. v. Luderbach, 86 So., 517; State v. State Board of
Control, 102 S. E., 688; Henman Const. Co. v. Capper, 182 Pac., 386;
Mullen v. Dwight, 173 N. W., 645; Peeples v. Byrd, 25 S. E., 677, 98

Ga., 688; State v. Bortensen, 95 N. W., 831, 69 Neb., 376; Johnston v. State Board, 46 W. Va., 196, 32 S. E., 1039; Printup v. Cherokee R. R. Co., 45 Ga., 365; State v. Burke, 33 La. Ann., 498; State ex rel. Mc-Enery v. Lanier, 47 La. Ann., 110, 16 So., 647; Michigan State Bank v. Hastings, Walk. Ch., 9; Board of Public Works v. Gannt, 76 Va., 455; Williams v. Fitzhugh, 128 Atl., 137; American Trust & Savings Bank v. Scobee, 224 Pac., 788.

MR. JUSTICE PIERSON delivered the opinion of the court.

Relator seeks a mandamus against respondent to require him to do and perform the ministerial or statutory duties which it has a legal right to have performed in regard to its contract with the State of Texas for the purchase of certain textbooks, to-wit: New Physical Geography, by Tarr; Elements of Agriculture, by Warren; The New Civics, by Ashley; and supplementary readers: Everyday Classics; Primer; First Reader; Second Reader; Third Reader; each by Baker and Thorndike.

The facts of this case in all essential particulars are the same as those contained and stated in the case of Laidlaw Brothers, Inc., v. S. M. N. Marrs, State Superintendent of Public Instruction, opinion delivered June 8, 1925 (114 Texas, 561), with one exception.

The respondent alleges that The MacMillan Company did not comply with the requirements of the law in furnishing the statutory affidavit to the Textbook Commission. It filed the affidavits of its officers and directors that it was not connected in any manner whatsoever with any trust, and upon the information and belief of its said officers and directors that no individual stockholder in the company is acting as director, trustee, or stockholder, etc., of any other publishing house doing business in the United States, or in any publishing house outside the United States, except as stated in the affidavit. Respondent contends that the affidavit should have been made positively, and not on information and belief.

If it be admitted that the affidavit was insufficient, yet its effect at most could only make the contract thereafter entered into voidable; and as held in Laidlaw Brothers, Incorporated, v. Marrs, supra, and in Charles Scribner's Sons v. Marrs, 114 Texas 11, 262 S. W., 722 after the contract had been adopted by the State Board of Education on January 12, 1925, any irregularities in its execution were waived, and the contract became an enforceable one.

This case is in all respects similar to the last two cases mentioned, and under the holdings in the case of Laidlaw Brothers, Incorporated, v. Marrs, relator is entitled to the writ of mandamus in this case. The writ will issue as prayed for.