ROW, PETERSON & COMPANY v. S. M. N. MARRS, STATE SUPERINTEN-
DENT OF PUBLIC INSTRUCTION.

No. 4399.   Decided June 10, 1925.

(273 S. W., 795).

1.—School Text Books—Contract—Waiver and Election—Mandamus—Suit
Against State—Case Followed.

This case being governed by the rulings in Laidlaw Bros. v. Marrs, 114
Texas, 561, mandamus is awarded in accordance with the opinion therein,
which is approved and followed.   (P. 578).

2.—Affidavit—Irregularity—Waiver.

The Board of Education, in approving the contract of relator for furnish-
ing school text books, directed its secretary to withhold delivery of same
till a required affidavit from a director of relator, made by agent, should be
made personally.   *Held* that, on this being done and the contract delivered in
accordance with the Board's directions, the contract was completed and the
irregularity, if any, in relator's compliance was waived by the State.  (Pp.
578, 579).

Original application to the Supreme Court, by Row, Peterson & Co.,
for writ of mandamus against Marrs, as State Superintendent of
Public Instruction.

*Batts & Brooks*, for relator.

*Dan Moody*, Attorney-General, and *Wright Morrow, C. A. Wheeler*,
and *L. C. Sutton*, Assistants (*W. G. Love*, of counsel) for respondent.

MR. JUSTICE PIERSON delivered the opinion of the court.

Relator seeks a mandamus against respondent to require him to do
and perform the ministerial or statutory duties which it has a legal
right to have performed in regard to its contract with the State of
Texas for the purchase of certain textbooks, to-wit: Fourth Reader,
Fifth Reader, and Sixth Reader, each by Free and Treadwell, and
Seventh Reader, by Briggs.

The facts of this case case in all essential particulars are the same
as those contained and stated in the case of Laidlaw Brothers, Inc.,
v. S. M. N. Marrs, State Superintendent of Public Instruction, opinion
delivered June 8, 1925, with one exception.

In the instant case the relator, as provided by the statutes, filed with
the State Textbook Commission what is termed its anti-trust affidavit.
Said affidavit was in statutory form and signed by all of its directors,
but one of its said directors (a Mr. Cousins) had executed it through
his attorney and agent in fact, and not personally.

In passing on relator's contract the Attorney General called this fact to the attention of the State Textbook Commission. Thereupon, by resolution, the Commission instructed respondent, Marrs, as Secretary of the Commission, to hold relator's contract and bond until said director came to Austin and in person made the affidavit. Said director forthwith came to Austin, executed the affidavit in person, and the contract was delivered.

Respondent makes the defense that these acts constituted such an irregularity in the steps required by the statutes, preliminary to the making of relator's contract, as to invalidate it. It would appear that the objection is without substance; but if not, the action of the State Board of Education on January 12, 1925, adopting the contract and directing respondent to observe it, had the effect to waive the irregularity and make the contract effective and enforceable. Charles Scribner's Sons v. Marrs, 114 Texas, 11 262 S. W., 622.

The principles of law announced in the case of Laidlaw Brothers, Incorporated, v. Marrs, State Superintendent, opinion delivered June 8, 1925, (114 Texas, 561,) apply in all respects to this case, and in accord with the holdings therein relator is entitled to the writ of mandamus as prayed for, and it is ordered that it issue.

*Writ of mandamus ordered issued.*