Chester R. MORRIS, Appellant,

v.

Joseph R. SMILEY et al., Appellees.

No. 11165.

Court of Civil Appeals of Texas.

Austin.

April 8, 1964.

Rehearing Denied April 29, 1964.

Chester R. Morris, pro se.

Waggoner Carr, Atty. Gen., Pat Bailey, Asst. Atty. Gen., Austin, for appellees.

HUGHES, Justice.

Chester R. Morris, appellant, sued Joseph R. Smiley, President of the University of Texas, Arno Nowotny, Dean of Student Life at the University of Texas, and Pat Bailey, Assistant Attorney General of the State of Texas, appellees, in which he sought issuance of a writ of mandamus requiring appellees to produce and permit inspection, copying and photographing of certain records maintained by the University of Texas relating to appellant.

Appellees filed an answer consisting of special exceptions and a general denial. This answer was subject to an unsworn plea in abatement which pleaded that this was a suit brought against the State without its consent and that appellant had not exhausted his legal remedies. These remedies were alleged to be a discovery suit then pending in this Court, being our Cause No. 11,109, and a discovery action pending in the 73rd Judicial District Court of Bexar County, being cause No. F–150,-020.

The Trial Court sustained this plea in abatement and dismissed appellant's suit.

■ We judicially know that appellant's discovery action in this Court resulted in failure. Morris v. Smiley, Tex.Civ.App., 368 S.W.2d 640, writ ref., n. r. e. Tex., 370 S.W.2d 451, cert. denied Morris v. Hoerster, 376 U.S. 919, 84 S.Ct. 676, 11 L.Ed.2d 614.

We do not know the decision, if any, reached in the Bexar County suit, but we do know that such action has been "continued" at the instance of appellees.

■■ It is true that mandamus will not lie where relator has another plain, effective and adequate remedy to obtain the relief sought. Appellees do not suggest any remedy which appellant may have to obtain a look at these records. He has tried discovery. This remedy has not been plain. Certainly, it has not been effective. One Trial Court has "continued" his action for discovery. Another Trial Court has refused his application for discovery. This Court has held he cannot appeal from such refusal. This ruling has been approved by the Texas Supreme Court and the United States Supreme Court has declined to review such ruling. The Texas Supreme Court has tentatively advised appellant that relief by way of mandamus in the discovery suit is not available to him in that Court. 370 S.W.2d 451.

No further proof is needed that discovery is not a plain and effective remedy.

When Trial Courts refuse discovery, as here, there apparently is no remedy of discovery available prior to final judgment. Since appellees do not suggest any other remedy which appellant has in the premises, we hold, under this record, there is none.

■ This is not a suit against the State. A suit against a state official to compel the performance of a ministerial act is not a suit against the State. Laidlaw Bros. v. Marrs, 114 Tex. 561, 273 S.W. 789. The acts which appellant seeks performance of are clearly and purely ministerial acts. No discretion of any kind in their performance is involved. Mandamus is the proper remedy. 45 Am.Jur. p. 434, Tobin v. Knaggs, 107 S.W.2d 677, San Antonio Civ.App., writ ref.

We hold that appellees' plea in abatement should not have been sustained and that it was error to dismiss this suit.

Appellant filed a motion for summary judgment, which motion the Court denied. In such motion appellant stated, under oath, that he went to the University of Texas Health Building and requested to see his health records. This request was denied. That a similar request was made of Dr. Paul White who denied the request. Appellant also stated that he called on Dean Nowotny and requested permission to inspect such records as he had pertaining to appellant. Some such records were shown appellant. Appellant had heard rumors that the file shown him was not complete.

Appellant made Mr. Bailey a party to this suit because Dean Nowotny testified, according to appellant, that Mr. Bailey had the records pertaining to appellant which had been previously shown him by the Dean.

■ This motion shows no cause of action against Mr. Bailey and the dismissal as to him is correct. If Mr. Bailey has the records mentioned, they are presumably held as attorney for Dean Nowotny. Mr.

Bailey undoubtedly will comply with any order regarding such records which may be made.

There are two questions remaining to be determined. Are the records sought to be inspected and copied public records? Who is the legal custodian of such records?

"A public record has been defined as a written memorial made by a public officer, and as a record of an officer made in the discharge of his official duties by doing an act he is empowered by law to do." 49 Tex.Jur.2d p. 326. See Dallas Coffee & Tea Co. v. Williams, 45 S.W.2d 724, Dallas Civ.App., writ dism.

A more comprehensive definition is given in 45 Am.Jur., p. 420, which we quote:

"It is said that a public record is one required by law to be kept, or necessary to be kept, in the discharge of a duty imposed by law, or directed by law to serve as a memorial and evidence of something written, said, or done. In all instances where by law or regulation a document is filed in a public office and required to be kept there, it is of a public nature, but this is not quite inclusive of all that may properly be considered public records. For whenever a written record of the transactions of a public officer in his office is a convenient and appropriate mode of discharging the duties of his office, it is not only his right, but his duty, to keep that memorial whether expressly required so to do or not; and when kept it becomes a public document which belongs to the office rather than to the officer. What is a public record is a question of law."

■ We are not cited to any statute or rule of the University of Texas requiring the keeping of records by an officer or employee.[1]

We direct attention to Art. 259, Vernon's Ann.Civ.St., which provides in part, that the "librarian of the University of Texas. and the archivist of the Department of History of said University are hereby authorized to make certified copies of all public records in the custody of the University * * *."

We also direct attention to Art. 3731a, V.A.C.S., regarding the admissibility in evidence of copies of records "* * * made by an officer of this State or of any governmental subdivision thereof, or by his deputy, or person or employee under his supervision, in the performance of the functions of his office and employment * * *."

We do not find the motion for summary judgment to be conclusive in establishing that the records sought to be inspected and copied are public records or, if so, who is the legal custodian of them.

■ If the records which appellant desires to inspect and copy come within the definitions of public records contained in this opinion, then appellant is entitled to inspect and copy them and the lawful custodian of those records is under a legal duty to comply with all reasonable requests to this end.

■ We overrule appellant's motion to bar the Attorney General from representing all appellees in this case. See our opinion in Morris v. Hoerster, Tex.Civ. App., 377 S.W.2d 841.

We affirm the judgment of the Trial Court in dismissing Mr. Bailey, otherwise the cause is reversed and remanded.

Affirmed in part and reversed and remanded in part.

1. See Ch. 1, Title 49, V.A.C.S. It is interesting to note that respecting the University of Houston it is provided that "[f]ull, accurate and complete minutes of the Board of Regents shall be kept or maintained, which shall be open to inspection by the public at the University during regular business hours." Art. 2615g, V.A.C.S.