

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 8, 1974

The Honorable C. C. Nolen
President, North Texas State
  University
Denton, Texas 76203

Opinion No. H- 447

Re: Meaning of and access to
"student records" under Open
Records Act.

Dear President Nolen:

Your opinion request presents two questions concerning Section 3(a)(14) of the Texas Open Records Act, Article 6252-17a, V. T. C. S. :

> (a) All information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business is public information and available to the public during normal business hours . . . with the following exceptions only:
>
> . . .
>
> (14) student records at educational institutions funded wholly or in part, by state revenue; but such records shall be made available upon request of educational institution personnel , the student involved, or that student's parent, legal guardian, or spouse.

You ask first, what is the meaning of the term "student records" as used in the above section, and secondly, who has access to such student records.

We have been unable to find a judicial determination of the term "student records."

p. 2058

This office has held that not all information about a student is exempted as a "student record." Open Records Decision No. 16 (1974), held public the names and addresses of individual students. Open Records Decision No. 34 (1974) implicitly held that both individual students' anonymous evaluations of their professors and summaries by course of those evaluations were not "student records." Finally, in Open Records Decision No. 30 (1974), we advised a university that the exception for "student records" could not justify withholding from the public the institution's correspondence with a student group named Gay Awareness.

However, it is our opinion that a "student record" would generally include information concerning the student himself and his individual relationship to the educational institution. A list of student records would include, but not necessarily be limited to, the following: applications for admission, standardized achievement test scores, attendance data, scores on standardized intelligence, aptitude, and psychological tests, interest inventory results, health data, family background information, teacher or counselor ratings and observations, and reports of behavioral patterns or disciplinary actions.

You next ask who has access to student records. Section 3(a)(14) of the Open Records Act states that student records "shall be made available upon request of educational institution personnel, the student involved, or that student's parent, legal guardian or spouse." Under this section educational institution personnel have access to student records. For analogy, see S. B. 160, Oregon Laws 1971, ch. 512, p. 835, sec. 2(4).

The student himself is granted access to his student records. V. T. C. S., art. 6252-17a, sec. 3(a)(14). This is harmonious with, though perhaps expansive of, his rights under the common law. See Morris v. Smiley, 378 S. W. 2d 149, 152 (Tex. Civ. App. --Austin 1964, writ ref'd. n. r. e.).

Section 3(a)(14) of the Open Records Act also provides for parental access to student records. Recently, we faced one facet of the question of what is a parent. In Open Records Decision No. 42 (1974), we held that

even though the requesting parent was divorced and not a managing conservator, i. e., custodian, of the child under Section 14.02 of the Texas Family Code, he or she still had a right of access to the offspring's student records, so long as the requesting parent's parental rights had not been terminated under Chapter 15 of the Family Code.

While none of our published opinions have examined whether limitations exist on the parental right of access, we believe that recent federal legislation, H.R. 69, 93d Cong., 2d Sess., Title V. Sec. 513 (1974), amending Part C of the General Education Provisions Act, which was signed into law, August 21, 1974, should be considered. H.R. 69 requires all educational institutions, on pain of termination of federal monies, to provide to parents complete access to all official files, records, and data related to their children. This is subject to one particular limitation (Sec. 437(d) of Part C of the General Education Provisions Act, as amended by H.R. 69): upon the attainment by the student of eighteen years of age, the rights previously belonging to the parents would be accorded solely to the student.

Section 3(a)(14) of the Open Records Act also grants access to student records to the student's legal guardian and spouse. We consider the court appointed legal guardian to stand in much the same position as the parent, whose rights were discussed above.

The spouse is granted access out of recognition of the special relationship that exists in marriage. As the federal statute [H.R. 69], which limits parental access to records of students under 18, does not speak to any right of access that the spouse might have, we conclude that Open Records Act is controlling in this regard.

Of course, access to student records under Section 3(a)(14) may be limited by Section 3(a)(1) if any information contained in the records is made confidential by law.

## SUMMARY

A "student record" generally includes information concerning the student himself and his individual

relationship to the educational institution.   Under the Open Records Act such student records are made available to educational institution personnel, the student, the student's parent or legal guardian at least until the student reaches the age of 18, and the student's spouse.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg