BRAZOSPORT SAVING AND LOAN ASSOCIATION, FORT BEND FEDERAL SAVINGS AND LOAN ASSOCIATION AND GULF COAST SAVINGS AND LOAN ASSOCIATION V. AMERICAN SAVINGS AND LOAN ASSOCIATION, JIMMY PHILLIPS, J. T. SUGGS, ET AL, ITS ORGANIZERS AND DIRECTORS, AND J. M. FALKNER, BANKING COMMISSIONER OF TEXAS.

No. A-7521. Decided February 15, 1961.
(342 S.W. 2d Series 747)

544

*R. W. Lindsey,* of Rosenberg, *Peareson, Scherer & Roberts,* of Richmond, *McKay & Avery,* of Austin, for petitioners.

The Court of Civil Appeals has erred in affirming a judgment dismissing petitioners suit, resulting in a denial to partitioners of any right of judicial relief from the illegal and arbitrary action of the Banking Commissioner in franchising and certificating applicant's application to unlawfuly compete with petitioners in their conduct of business affected by public use and interest. State v. Southern Pac. R. R. Co., 24 Texas 80, 123; City of Portland v. Portland Ry., Light & Power Co., 80 Oregon 271, 156 Pac. 1058; First State Bank of Okla. City v. Lee, 65 Okla. 1280, 166 Pac. 186.

*J. P. Bryan,* of Lake Jackson, *Looney, Clark, Matthews, Thomas & Harris, Charles D. Mattchews, Mary Joe Carroll* of Austin. for respondents.

MR. JUSTICE HAMILTON delivered the opinion of the Court.

This suit was filed by petitioners seeking injunctive and declaratory judgment relief against respondents as a result of proceedings before, and the action of, the State Banking Commissioner, in granting a charter, franchise and certificate to do business to American Savings and Loan Association. Specifically, petitioners sought to set aside the articles of incorporation, enjoin the incorporators from doing business under the charter, and in the alternative sought a declaratory judgment to the effect that the Commissioner lacked authority to issue a charter because of his noncompliance with the statutory provisions set forth in Article 881a-2, V.A.C.S.

The trial court construed this suit as a collateral attack upon the validity of the charter, and at a pretrial hearing without the introduction of evidence, sustained respondents' pleas in abatement dismissing the suit as to all parties defendant for lack of jurisdiction to hear and determine the cause. On appeal the trial court's action was affirmed by the Austin Court of Civil Appeals, one of the justices dissenting, in an opinion which held that petitioners had no standing to maintain a suit for injunction or declaratory judgment. 326 S.W. 2d 567.

For purposes of Brevity, Brazosport Savings and Loan Association, Fort Bend Federal Savings and Loan Association and Gulf Coast Savings and Loan Association are referred to individually or collectively as petitioners. Mr. J. M. Falkner, the State Banking Commissioner, is referred to as the Commissioner. The Private respondents are referred to individually or collectively as American.

Petitioners in this case are savings and loan associations operating under charters, franchises and certificates to do business issued by the State Banking Commission pursuant to Article 881a, V.A.C.S. Through their aplication for writ of error they have presented to this court for determination the question of whether or not such validly operating savings and loan associations have any right to judicial protection and relief from allegedly unlawful or illegal competition of an association which has been chartered, franchised and certificated in violation of statutory requirements.

The rules and regulations for building and loan associations, as set forth in Article 881a-2, V.A.C.S., requires that applications and articles be accompanied by certain data, properly verified and sufficiently detailed and comprehensive, to enable the Commissioner to pass upon a proposed charter. By the same article the Commissioner is charged with the duty of determining the character and

fitness of the incorporators, and ascertaining "whether the public convenience and advantage will be promoted by allowing such proposed building and loan association to be incorporated and engaged in business, and whether the population in the neighborhood of such place and in the surrounding country affords a reasonable promise of adequate support for the proposed building and loan association."

Many irregularities regarding the proceedings conducted by the Commissioner and the subsequent granting of authority to American to do business were alleged by petitioners. These allegations may be summarized as follows: (See Court of Civil Appeals opinion and dissent, 326 S.W. 2d 567, at page 573, for verbatim statement of pleadings.)

Petitioners allege that they are lawfully engaged in the savings and loan business in the territory concerned, are ready, willing and able to serve all public needs, convenience and advantage, their businesses being affected by public use and interest, conducted for public welfare and benefit, and that their franchises constitute valuable property rights worth many thousands of dollars. Further, that respondents American made application to serve the same area, in competition with petitioners, and filed their application contrary to the form and provisions set forth in departmental rule 2.1 and improperly acknowledged in violation of the requirements of Article 881a-29, V.A.C.S.; that a public hearing was called at which American defaulted, failing to furnish the verified data required by rule 2.1, failed to submit substantial evidence from which the Commissioner could make the determination required by said rule and Article 881a-2, V.A.C.S., and failed to meet and satisfy the proof required by law as to the several elements governing grant of a charter, franchise and certificate to do business; that the Commissioner nevertheless approved American's application, contrary to law and his rules and contrary also to the credible evidence, which is that the public convenience and advantage will not be promoted by the grant to American * * * in fact, that during the past twelve months the Commissioner has issued franchises to three new associations for Brazoria County, being wholly unjustified action, never elsewhere practiced, and the grant to American was made at a time when neither he nor anyone else could make a fair appraisal of public interests or evaluation of public convenience and advantage as regards American.

Further, that although the rules and regulations require the Commissioner to consider probability of insurance of accounts,

independent quarters with ground floor location, full time, qualified management and adequate capital and support by the population, no evidence was presented on these matters sufficient to justify the Commissioner's action in making the grant and issuing the certificate to do business. Petitioners pleaded that the population does not and cannot afford a reasonable promise of adequate support, and that in no other comparable area is the population already served by so many associations, mortgage and fiscal concerns; that the credible evidence is the existing associations fully serve the area, need the business, and the grant to American will not only harm them, but will injure the public; that the Commissioner's action was taken without regard to public welfare, and was without support in substantial evidence; that he acted arbitrarily and capriciously, and in violation of law.

While the merits of this case are not before the court, the facts set forth in the allegation above must be taken as true in disposing of the cause. We need only concern ourselves here with the right of petitioners, if such right exists, to challenge the Commissioner's actions.

■ The objects and business of savings and loan associations are matters of public utility. Although they are privately owned, they operate in the field of public interest like banks, insurance companies, and railroads, and are properly to be considered as quasi-public institutions. Wagner v. Home Savings and Loan Association, 338 Mo. 313, 90 S.W. 2d 93; Klein v. Jefferson County Bldg. & Loan Ass'n, 239 Ala. 460, 195 So. 593; 35 Words and Phrases, Perm. Ed., pocket part, p. 198; Prudential Building & Loan Ass'n v. Shaw, Texas Com. App., 119 Texas 228, 26 S.W. 2d 168, 171. They are financial institutions of major importance to the credit system of the state and in recognition of their public character such institutions are exempted from the corporate franchise tax in Texas. Acts. 1959, 56th Leg., 3d C.S., Ch. 1, Art. 12.03.

Respondents contend that savings and loan associations are mere private corporations and that this action constitutes an attempt to restrict or restrain lawful competition. If respondent's contentions were correct, the rule that ordinary private businesses are not properly entitled to receive protection against competition might be applicable here. 43 Amer. Jur., p. 585. Such is not the case, however, for savings and loan associations are quasi-public in nature, and we do not view petitioners' claim as a right to operate free of competition, but rather as a right to operate free of *unlawful* competition, created in violation of law.

Savings and loan associations, for the privilege of operating within the state, may be subjected to reasonable regulations and control. As stated in 9 American Jurisprudence, Building and Loan Associations, Sec. 8, at p. 102:

"In view of their quasi-public character, the state may, under its police power, subject them to a degree of supervision and regulation which would be unnecessary and unreasonable in the case of purely private corporations."

If savings and loan associations were merely corporations engaging in private business, unaffected by the public interest, the state could not lawfully require a showing of public necessity or convenience. New State Ice Co. v. Liebman, 285 U. S. 262, 76 L. Ed. 747, 52 Sup. Ct. 371. A necessary corollary to this requirement and the regulation and control exercised by the state is freedom from illegal or unlawful competition. Such competition would be indirectly, if not directly, inimical to the public welfare.

■ The majority opinion of the Court of Civil Appeals states that the petitioners have no vested property right in the charter and certificate granted by the Commissioner to American. We are unable to determine that they claim such a right. The rights which are asserted and which petitioners seek to protect are in their own corporate beings and in the vested property rights in their own franchises. Franchises have long been considered as property in Texas. City of Wichita Falls v. Kemp Hotel Operating Co., 162 S.W. 2d 150, 153, affirmed 141 Texas 90, 170 S.W. 2d 217; 19 Texas Jur., p. 876. Franchises have also been described as vested rights. Laidlaw Bros., Inc. v. Marrs, 114 Texas 561, 273 S.W. 789. See also 23 American Jurisprudence, Sec. 5, p. 717.

"In character and nature a franchise is essentially in all respects property, and is governed by the same rules as to its enjoyment and protection and is regarded by the law precisely as other property. Invasion of a franchise is an invasion of a property right. The holder has such an interest as entitled him to defend any invasion, whether by a public body or an individual. * * * * *" 19 Texas Jur., Franchises, Sec. 3 at p. 876.

A franchise on which money has been expended assumes the character of a vested right. 12 Texas Jur. 2d, Constitutional Law, Sec. 116, p. 464; Corpus Christi Gas Co. v. City of Corpus Christi, 283 S.W. 2d 281, error refused.

■ When a vested property right has been adversely affected by

the action of an administrative body so as to invoke the protection of due process, an inherent right of appeal is recognized. City of Amarillo v. Hancock, 150 Texas 231, 239 S.W. 2d 788.

Article 881a, V.A.C.S., is silent with regard to an appeal from an action of the Commissioner in the granting of a charter and franchise. The fact that the statute fails to afford petitioner an appeal or judicial review has been held to be immaterial, for there are instances where courts must assume jurisdiction. Such jurisdiction is required in order that the administrative body may function where, without the right of appeal, the courts would have been forced to strike down the statute. City of Amarillo v. Hancock, supra. This court has often approved the holding in English Freight Co. v. Knox, 180 S.W. 2d 633, 640, error refused:

"Such right of appeal will be implied or arises under the constitutional guaranties of due process of law, if the matter is one so protected."

We believe that the question of judicial review now before us is controlled by the decision in the case of Board of Insurance Commissioners et al. v. Title Insurance Association of Texas et al., 153 Texas 574, 272 S.W. 2d 95, 97. There it was argued that Article 1.19 of the Insurance Code prevented anyone but the Board from challenging the right of its licensee to carry on the business of title insurance. This court, in recognition of the rights of competitors to challenge the illegal operation said:

"* * * We cannot ascribe to the Legislature the intention to provide by that Article that an order entered by the Board can be attacked for invalidity only by the Board itself. Such construction of the Article would, to say the least, render it of doubtful validity.

"There is no provision in the statute for an appeal * * * , but the right of proper parties to subject such an order to judicial review must be implied. The property rights of parties cannot be determined by orders of an administrative agency, without a right of judicial review of such orders. * * * *

"It is argued that respondents have no right to prevent competition in their business. That would be a correct proposition in the transaction of ordinary business enterprises if the competition is not illegal, but, as well stated in the opinion of the Court of Civil Appeals (264 S.W. 2d 132):

" 'The business of title insurance is one affected by public use, is of public interest and is subject to reasonable legislative control. Daniel v. Tyrell & Garth Inv. Co., 127 Texas 213, 93 S.W. 2d 372. * * * '. "

Frost v. Corporation Commission, 278 U.S. 515, 49 Sup. Ct. 235, 73 L. Ed. 483, was heavily relied upon by this court in the Title Insurance case, and was recognized by the Court of Civil Appeals as "a close analogy." (264 S.W. 2d 129 at 132). There, plaintiff was the holder of a public necessity permit to operate a gin, having obtained such upon proper showing of "necessity." The state commission granted a permit to plaintiff's competitior without regard to public necessity. Plaintiff sued to enjoin such an illegal operation and got his relief. The court said of plaintiff's rights:

"* * * the right to operate a gin * * * as provided by the Oklahoma statute, is not a mere license, but a franchise, granted by the state in consideration of the performance of public service; and as such it constitutes a property right within the protection of the 14th Amendment.

" * * * * * * * *

"Appellant, having complied with all the provisions of the statute, acquired a right * * * by valid grant * * * .While the right thus acquired does not preclude the state from making similar valid grants to others, it is, nevertheless, exclusive against any person attempting to operate a gin without obtaining a permit or, what amounts to the same thing, against one who attempts to do so under a void permit; in either of which events the owner may resort to a court of equity * * * .

" * * * * * * * *

"The purpose of the clause in respect of equal protection of the laws is to rest the rights of all persons upon the same rule under similar circumstances. * * *.

"* * * That the immunity thus granted to the corporation is one which bears injuriosuly against the individual does not admit of doubt, since by multiplying plants without regard to necessity the effect well may be to deprive him of business which he would otherwise obtain if the substantive provision of the statute were enforced. * * * " [278 U.S. 515, 49 Sup. Ct. 237; 73 L. Ed. 483.]

Many decisions support the propositions stated by this court and by the Supreme Court of the United States in these two cases.

■ In accordance with prior decisions of this and other courts with which we agree, we believe that petitioners possess a valuable and vested property right in their franchises. Petitioners' allegations of fact that this right has been infringed upon by the action of the Commissioner must be taken as true in view of the procedural status of the case. Therefore, we hold that petitioners are entitled to an opportunity to prove their allegations that the Commissioner's action was illegal or without support in substantial evidence, and to appropriate relief if this be proved. Such an opportunity is afforded to petitioners by the due process clauses of the Constitution of this state and of the United States. Vernon's Ann. St. Const., Art. I, Sec. 19; U.S.C.A. Const, Amend, 14,

The judgments of the district court and the Court of Civil Appeals dismissing the cause for lack of jurisdiction are reversed and the cause is remanded for trial on the merits

Justice Steakley not sitting.

Opinion delivered February 15, 1961.