Floyd L. MARTINE, Appellant,

v.

The BOARD OF REGENTS, STATE SENIOR COLLEGES of TEXAS, et al., Appellees.

No. 1241.

Court of Civil Appeals of Texas, Tyler.

Feb. 22, 1979.

Rehearing Denied March 22, 1979.

Kent M. Rider, Douglass D. Hearne, Stayton, Maloney, Hearne & Babb, Austin, for appellant.

John L. Hill, Atty. Gen. of Texas, David M. Kendall, Jr., First Asst. Atty. Gen., Robert Steve Bickerstaff, Jr., Nathan Johnson, Asst. Attys. Gen., Austin, for appellees.

McKAY, Justice.

This is a suit by a university faculty member to review and overturn a decision by the Board of Regents, State Senior Colleges of Texas, terminating his employment, and for reinstatement as a tenured faculty member. The trial court sustained several exceptions to the petition for failure to state a cause of action, and when appellant failed to amend his petition, the trial court dismissed the case without prejudice.

Floyd L. Martine, appellant, brought this action against the Board of Regents, State Senior Colleges of Texas ("Board"), and the individual members thereof, appellees. Appellant alleged that he was employed as a member of the faculty of Southwest Texas State University since 1959 and that he had attained tenured status there. In 1967, he was appointed to the additional position of Dean of Student Affairs, one of the duties of which was to administer a health insurance program for students at the University. Appellant further alleged that from approximately September 1967 until April 1975, he continued to function as the administrator of this health insurance program, and that during this entire time no complaints were made by the appellees or by Blue Cross-Blue Shield of Texas, the insurance carrier, concerning the manner in which appellant administered the program.

In 1975, an audit of the program was conducted by state officials who reported certain irregularities in its administration by appellant. As a result, according to appellant's allegations, he was informed by Dr. Lee H. Smith, President of the University, that if he did not resign he would be

fired. Appellant alleges that he then tendered to Smith his resignation as Dean of Students on April 29, 1975. The resignation was accepted immediately by Smith, and by the appellees on May 23, 1975.

Appellant further alleged that he did not resign as a tenured member of the faculty of the University but only as Dean of Student Affairs. The allegedly limited resignation, however, was treated by the University president as a resignation also from his position as a tenured faculty member. Appellant appealed this action by Smith through a faculty advisory committee to the Faculty Hearing Committee which recommended that he be entitled to continue in his position as a tenured faculty member. The allegations continued that Smith refused to review the recommendation of the hearing committee and instead passed the decision to the Board. The petition states,

"On September 12, 1975, a hearing was conducted by the [Board], following which they unanimously found 'by a preponderance of the evidence, that one, Mr. Martine's conduct in withdrawing funds from the Blue Cross Varsity Insurance Fund for private purposes constituted moral turpitude, and adequate cause for dismissal, and, two, that Mr. Martine's failure to account properly for expenditures from the Blue Cross Varsity Insurance Fund constituted gross neglect of his professional responsibilities, and professional incompetence and adequate cause for his dismissal.' The [Board] therefore 'ordered that Mr. Martine be dismissed in his capacity as a faculty member at Southwest Texas State University' effective September 12, 1975."

The decision by the Board, appellant alleges, has no support in substantial evidence and that although there exists no statutory appellate procedure for review of decisions of the Board, by virtue of appellant's expectancy of continued employment as a tenured member of the faculty of the University, he has the right at common law to have judicial review of such a decision without consent of the Legislature of the State of Texas. He further states that he

has sought to obtain such consent but that it was denied to him.

Alternatively, appellant alleged that the actions of appellees in terminating him as a tenured member of the faculty of the University constituted a deprivation of property rights guaranteed to him by the Fourteenth Amendment to the United States Constitution and by Article I, sec. 19 of the Texas Constitution. He alleged he had a cause of action for reinstatement under these constitutional provisions, the common law of the State of Texas, and under Title 42, U.S.C., sec. 1983. In this alternative plea, appellant further alleged that his due process rights under the aforementioned constitutional provisions, common law and statute were violated in the course of the hearing before the Board because an Assistant Attorney General for the State of Texas, who had served as appellees' attorney in proceedings before the Faculty Hearing Committee and at the hearing before appellees, was present in the hearing room during appellees' deliberations.

Appellant further alleged that the consent of the Texas Legislature is not required for him to maintain this suit.

Further in the alternative appellant alleged that in view of the refusal of the Legislature of the State of Texas to permit him to bring suit against the State, he has no adequate remedy at law, contrary to the provisions of Article I, sec. 13 of the Texas Constitution. He concludes that the action of appellees in terminating his employment as a tenured member of the faculty of the University should be set aside and appellees should be mandatorily enjoined to reinstate him to the position which he held as of September 12, 1975.

The Board answered by general denial and stated that its lawful name is The Board of Regents, Texas State University System. The Board also specially alleged that it was a component part of the government of the State of Texas and as such was vested with governmental immunity as against the allegations of appellant's petition. The Board further specially excepted to appellant's petition on the grounds that

appellant failed to state a cause of action because (1) he failed to obtain legislative permission to institute suit against the State; (2) there was no cause of action stated under 42 U.S.C. sec. 1983 since the Board is not a "person" thereunder; (3) the action of the Board is not subject to judicial review under the provisions of secs. 95.01 and 95.21, Texas Education Code, which the Board alleges placed the employment, discharge, and salaries of teachers and the management and control of the University within the sole discretion of the Board; and (4) the allegations were too vague to permit the Board to properly prepare a defense. The individual appellees interposed basically the same special exceptions.

The answer continued that appellant alleged no cause of action against the individual appellees because all actions taken by the individual appellees were clearly in their official capacity, appellant did not seek any relief against appellees individually, and appellant's action is barred by the Eleventh Amendment to the U. S. Constitution.

The Board affirmatively alleged that any contract which purported to employ appellant as a tenured member of the faculty of the University was void for reasons having to do with the Board being prohibited from paying appellant any sum of money beyond the period for which the contract was supposedly made.

The trial court, at a hearing on the Board's and the individual appellees' special exceptions, ordered that all of the special exceptions except those alleging vagueness be sustained. Appellant was ordered to replead in accordance with Rule 68, T.R. C.P., and when he did not do so, the trial court further ordered that appellant's case be dismissed without prejudice to its refiling.

■ Where the trial court has sustained the defendant's special exceptions and has dismissed the plaintiff's case on the grounds that he has failed to allege a cause of action, the appellate court is required to consider that all of the facts alleged by the plaintiff are true and, in determining whether the action of the trial court was erroneous, it must consider all such allegations and the reasonable inferences to be drawn therefrom which would tend to establish a cause of action or give rise to an issue of fact that should be determined by a trier of fact. *Bush v. Stone,* 500 S.W.2d 885, 887 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.); *In re H D, Jr.,* 511 S.W.2d 615, 618 (Tex.Civ.App.—Amarillo 1974, no writ); *Yarborough v. Industrial Accident Board,* 538 S.W.2d 19, 21 (Tex.Civ. App.—Austin 1976, writ ref'd n. r. e.).

Appellant brings three points of error. Point of error one complains that legislative consent was not necessary to the maintenance of this action, and point of error two asserts that the action of the Board is subject to judicial review. He urges that his status as a tenured faculty member was a vested property right, the denial of which gives rise to an inherent right of appeal to the courts, notwithstanding the lack of a statutorily created procedure therefor. He further contends that the Education Code does not preclude judicial review, and that the existence of such an inherent right of appeal obviates the requirement for legislative consent to sue the State. It is undisputed that appellant did not receive legislative permission in order to bring this action in the trial court. Appellees reply by their first three counterpoints that appellant's right to due process was satisfied by his being provided with a hearing by the Board and that due process does not require judicial review of the Board's determination; that a suit against the Board is one against the State requiring legislative permission because it operates to control state action and affects the State's property interest; and that there is no inherent right of appeal of the Board's action to the courts.

■ The general rule is that the State of Texas, by virtue of its status as a sovereign entity, is immune from suit and thus cannot be sued in its own courts without its consent. *Hosner v. DeYoung,* 1 Tex. 764, 769 (1847); 81A C.J.S. States sec. 298 at 942 (1977). Moreover, a suit against an agency of the State is considered to be a suit

against the State, *Lowe v. Texas Tech University*, 540 S.W.2d 297, 298 (Tex.1976), and where the purpose of a proceeding against State officials is to control the action of the State or to subject it to liability, the suit is one against the State which cannot be maintained without legislative consent. *Griffin v. Hawn*, 161 Tex. 422, 341 S.W.2d 151, 152 (1960). That the Board of Regents, Texas State University System (formerly the Board of Regents, State Senior Colleges), is an agency of the State is not controverted. See Texas Education Code secs. 95.01, et seq. This, therefore, is in effect a "suit against the State." We note, however, that "it has . . . been said that the doctrine of governmental immunity from suit is currently in disfavor, and that today courts are disposed to hear an action against the state unless good reason stands in the way. The current trend of legislative policy and judicial thought has been declared to be toward abandonment of the doctrine." 72 Am.Jur.2d States, Territories and Dependencies, sec. 101 at 493 (1974) [footnotes omitted].

■ The Board also argues that the Eleventh Amendment to the United States Constitution bars appellant's suit against an agency of the State. Said Amendment, however, applies to suits brought in federal court, not state courts. *Prudential Insurance Company of America v. Murphy*, 207 S.C. 324, 35 S.E.2d 586, 588 (1945), affirmed, 328 U.S. 408, 66 S.Ct. 1142, 90 L.Ed. 1343 (1946).

■ Appellant's contention that he does not require legislative consent for this suit proceeds from the aforementioned rule that we must take as true the allegations of his petition. There he alleges that a de facto system of tenure existed at the University by virtue of which he believed himself to be a tenured member of the faculty and created in him an expectancy of continued employment. This tenure, appellant claims, is a vested property right, the denial of which gives him an inherent right of appeal to the courts despite a lack both of consent by the Legislature and of specific statutory provisions allowing judicial review of decisions by the Board. We agree.

The United States Supreme Court, in *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) and its companion case, *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), held generally that "A person's interest in a [governmental] benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing . . . ." *Sindermann*, supra 92 S.Ct. at 2699, and *Roth*, supra 92 S.Ct. at 2709, and held specifically that a college teacher may have a property interest in reemployment despite the absence of an explicit contractual tenure provision if such a provision may be implied from the words and conduct of the college administration, *Sindermann*, supra 92 S.Ct. at 2699–2700. Such a college teacher, the court held, was entitled to the protection of procedural due process, including notice and a hearing on the reasons for his nonretention. Additionally it was held that where one's good name, reputation, honor, or integrity is at stake because of some government action taken against him, notice and an opportunity to be heard are essential. *Roth*, supra, 92 S.Ct. at 2707. See also *Gay v. Wheeler*, 363 F.Supp. 764, 778 (S.D.Tex.1973).

In the instant case, therefore, it is clear that appellant, assuming the truth of the allegations of his petition, has a sufficient property right in his job so as to merit the requirements of due process before he may be divested of that property right. In addition, his good name, reputation, honor, and integrity have been impugned. The next determination to be made, then, is the extent of due process to which appellant is entitled, i. e., whether the notice and hearing already provided by the Board are sufficient by themselves or whether appellant's rights to due process extend to a right of judicial review of the Board's action despite the rule requiring legislative consent for suits against the State. This question was not before the court in either *Sindermann* or *Roth*.

The pertinent provisions of the Education Code are as follows:

"Sec. 95.01. Board of Regents

"The organization, control, and management of the state university system is vested in the Board of Regents, Texas State University System."

"Sec. 95.21. General Responsibilities of Board

"The Board is responsible for the general control and management of the universities in the system and may . . . employ and discharge presidents or principals, teachers, treasurers, and other employees . . . ."

The Board argues that due process has been satisfied by the granting of a hearing without the requirement of judicial review. For this proposition, it cites *Shirer v. Anderson,* 88 F.Supp. 858 (E.D.S.C.1950). We, however, do not find this case to be persuasive authority for the Board's contention. That case concerned the revocation by the State of South Carolina of the teaching certificates of some teachers in that state's public school system, and not the dismissal of a tenured member of a state university faculty as we have here. The court there stated, "the teacher's certificate relates only to the right to teach in the service of the state; and it cannot be a denial of due process for the state to provide for revocation of such certificate by administrative action without provision for judicial review." *Id.* at 862.

Appellant cites several Texas cases for the contention that an inherent right of appeal to the courts exists here. *Brazosport Savings and Loan Association v. American Savings and Loan Association,* 161 Tex. 543, 342 S.W.2d 747 (1961), concerned an action by several savings and loan associations against a newly chartered association and the State Banking Commissioner to have declared void the charter awarded by the Commissioner to the new association. The trial court dismissed the suit for lack of jurisdiction and the court of civil appeals affirmed. The Supreme Court held that the objects and business of savings and loan associations are matters of public interest and they are thus considered to be quasi-public institutions and that the plaintiff associations had vested property interests in their own franchises which the plaintiffs alleged were infringed upon by the action of the Commissioner. The court stated, *"When a vested property right has been adversely affected by the action of an administrative body so as to invoke the protection of due process, an inherent right of appeal is recognized,"* [emphasis added] *id.* 342 S.W.2d at 750, and went on to hold that the plaintiff associations "are entitled to an opportunity to prove their allegations that the Commissioner's action was illegal or without support in substantial evidence, and to appropriate relief if this be proved," citing the due process clauses of the Constitutions of the United States and of the State of Texas. *Id.* 342 S.W.2d at 752.

Appellant also cites *Chemical Bank & Trust Company v. Falkner,* 369 S.W.2d 427 (Tex.1963), a similar case involving banks rather than savings and loan associations. The court held unconstitutional a provision of the Banking Code which allowed a trial de novo on appeal to the courts of State Banking Board orders. It nevertheless stated at p. 433:

"Holding the above provision of the statute unconstitutional does not mean that intervenors [two banks challenging the granting of a charter to a third bank] do not have a right of appeal. When a vested property right, as each intervenor has in its charter, has been affected by the action of an administrative agency, thereby invoking the protection of due process of law, there is an inherent right of appeal."

*Board of Insurance Commissioners v. Title Insurance Association of Texas,* 272 S.W.2d 95 (Tex.1954), is also cited by appellant. There it was held that a provision of the Insurance Code that no action should be brought by any person other than the Board of Insurance Commissioners to interfere with the business of a title insurance company, would not preclude the maintenance of an action against the Board and two title insurance companies by other title insur-

ance and abstract companies to enjoin the Board from approving an agency contract between the two defendant companies. The court further held,

"There is no provision in the statute for an appeal from an order of the Board approving a contract of the nature of the one under review, but the right of proper parties to subject such an order to judicial review must be implied. The property rights of parties cannot be determined by orders of an administrative agency, without a right of judicial review of such orders." *Id.* 272 S.W.2d at 97.

█ Finally, appellant cites *Texas Optometry Board v. Lee Vision Center, Inc.,* 515 S.W.2d 380 (Tex.Civ.App.—Eastland 1974, writ ref'd n. r. e.), where two corporate opticianries appealed from an order of the State Optometry Board suspending their advertising permits for five days. The Texas Optometry Act made no provision for such an appeal to the courts, but nevertheless the court in that case held that a vested property right was affected by the Board's action and therefore the plaintiffs had an inherent right of appeal. *Id.* 515 S.W.2d at 382. Appellant argues persuasively that if an administrative suspension of an opticianry's advertising permit for a mere five days is sufficient deprivation of a property right so as to give rise to an inherent right of appeal to the courts, then surely the administrative permanent dismissal from a tenured position on a university faculty comprises a deprivation equally if not more sufficient to give rise to the same right here.

In *City of Amarillo v. Hancock,* 150 Tex. 231, 239 S.W.2d 788 (1951), the court states at pages 790–1,

"[T]he legislature may simply be silent upon the subject [of whether judicial review of the administrative action may be had]. Although the legislature specifically denies judicial review, decisions of an administrative body may be attacked in court if they violate some provision of the State or Federal Constitution. . . . [T]he courts should recognize an inherent right of appeal from an administrative

body created by an act silent on the question of appeal *only* where the administrative action complained of violates a constitutional provision. . . .

"So, in order to sustain the jurisdiction of the district court here, plaintiff must bring himself within the protection of the due process clause. To do that, the right affected adversely here by the action of this administrative body must be a vested property right."

The statute involved in the instant case is silent on the subject of judicial review, but appellant meets the condition of *City of Amarillo* by claiming that his vested property right in his tenured job has been adversely affected by the action of the Board. See also *Bloom v. Texas State Board of Examiners of Psychologists,* 475 S.W.2d 374, 378 (Tex.Civ.App.—Austin 1972), reversed on other grounds, 492 S.W.2d 460 (Tex. 1973).

█ As a general proposition, we do not feel that the recognition of an inherent right to access to the courts for judicial review of a determination by an administrative agency of the State which infringes upon one's vested property rights is necessarily at variance with the doctrine of sovereign immunity. Indeed, in *Ybarra v. City of the Town of Los Altos Hills,* 503 F.2d 250 (9th Cir. 1974), the court stated at p. 252, "State and municipal officials whose acts violate constitutional rights are not protected by the state's sovereign immunity or the Eleventh Amendment." None of the cases cited by appellant contained a contention, or a holding thereon, that sovereign immunity applied to prevent the plaintiff from maintaining his action against the State or its agency or officials for judicial review of an adverse administrative ruling; neither did any of the courts find it necessary to raise the issue sua sponte. Appellees attempt to distinguish *Brazosport Savings and Loan Association* alone, on the basis that savings and loan associations are affected with a public interest. We do not consider this a material distinguishing feature. Appellant states that he "has lost not just a job terminable at will but a vested

right on a par with the savings and loan franchise in *Brazosport Savings,* supra, the bank charter in *Chemical Bank,* supra, the agency contract in *Board of Insurance Commissioners,* supra, and the advertising permits in *Texas Optometry Board,* supra."

We agree, and accordingly, we hold that appellant has an inherent right to appeal to the courts the adverse effect of a decision by an administrative agency on his vested property interest in his position as a tenured member of the faculty of a state university, despite the lack of a statutory provision therefor, and obviating the requirement of legislative consent for a suit against the State through its agency, the Board of Regents, Texas State University System. Such judicial review would be limited to a question of law, i. e., whether the decision of the Board to dismiss appellant has support in substantial evidence as reflected in the proceedings before said Board. *Chemical Bank & Trust Company v. Falkner,* supra; see also *Green v. Board of Regents of Texas Tech University,* 474 F.2d 594, 595 (5th Cir. 1973). The trial court, therefore, erred in sustaining the Board's special exceptions to the effect that appellant failed to state a cause of action because of his failure to allege legislative consent to institute this suit and to the effect that he failed to state a cause of action because the action of the Board was not subject to judicial review. Appellant's points one and two are sustained.

Appellant purports to sue not only the Board itself but also the members thereof. Although he has stated in oral argument before this court that they are sued in their official, not individual, capacities, this is not at all clear from his petition, and it is the petition, of course, to which special exceptions were made and sustained. There he states that he is complaining of "the individual members" of the Board. Nowhere does he indicate that he is suing them in their official capacities and nowhere does he allege facts that would tend to show liability on the part of the Board members as individuals. No relief is sought from the individual appellees. Where the gravamen of the petition in a civil rights suit is that the members of an agency acted improperly in depriving the constitutional rights of the plaintiff and there is no complaint of individual action by a member of the agency, the individual members are entitled to the dismissal of the suit as against them. *Abel v. Gousha,* 313 F.Supp. 1030, 1031 (E.D.Wis.1970). Appellant, in his petition, named the members of the Board "and their successors in office." It is clear that an essential element of a civil rights claim is that the particular defendant be personally involved in the alleged denial of a constitutional right. *Washington v. Anderson,* 387 F.Supp. 412, 414 (E.D.Okla.1974). Appellant's addition of the words "and their successors in office" confirms the conclusion that his quarrel is with the Board and not its members. We, therefore hold that the individual appellees are entitled to the dismissal of appellant's suit as against them.

Appellant argues in his third point of error that the trial court erred in sustaining the Board's special exception that there was no cause of action under 42 U.S.C. Sec. 1983 because the Board is not a "person" thereunder. That statute reads as follows:

"Every *person* who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." [Emphasis added.]

We feel, however, that the district court lacked jurisdiction of a cause of action against the Board under sec. 1983 for a reason other than the definition of the word "person."

In *Pierre v. Jordan,* 333 F.2d 951 (9th Cir. 1964), cert. denied, 379 U.S. 974, 85 S.Ct. 664, 13 L.Ed.2d 565 (1965), a suit was brought to obtain declaratory and injunctive relief to forestall the formation and financing of a county waterworks district.

The suit was brought as a class action by an owner of property within the proposed district on behalf of herself and other property owners similarly situated. The individual plaintiff predicated her suit on the provisions of several federal statutes, including sec. 1983. The court stated,

"Her prime objective in bringing the suit is to undo the purported formation of [the waterworks district] . . . . In her effort to accomplish this she has . . alleged that certain state statutes governing the manner in which such districts are to be formed, are violative of the Due Process Clause of the Fourteenth Amendment. She has also alleged that in various particulars not involving the validity of state statutes she, and those whom she undertakes to represent in this suit, have been deprived of their rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. As before indicated, however, the prime purpose of the suit is not to redress these asserted constitutional deprivations per se but, on these and other grounds, to put the waterworks district out of business.

"The purpose of [the civil rights statutes sued under] is to provide a means of obtaining effective redress in the federal courts against those who, acting under color of state law have subjected, or have caused to be subjected, any person within the jurisdiction of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws of the United States. But these statutes contemplate that the prime objective of the federal suit is to redress such rights. Where there is some other principal objective of the litigation, and the deprivation of constitutional rights is asserted only as a means of achieving that objective, the subject matter is not cognizable under the Civil Rights Act, and district court jurisdiction thereunder is lacking." [Footnotes omitted.] Id. at 957–8.

 So it is with the instant case. Appellant's counsel stated in oral argument before this court, "What Martine is basically trying to get out of this lawsuit is judi-cial review of [the] decision by the appellees to fire him." Significantly, he characterizes the alleged cause of action under the provisions of sec. 1983 as "an alternate cause of action that we threw in." We note that appellant has alleged no discriminatory or unreasonable conduct by the Board; neither he has made any allegations that the Board acted in bad faith, for a constitutionally impermissible reason, or beyond the authority granted it by statute—except to allege that he should be accorded the right to judicial review of the determination made by the Board to dismiss him. He prays, not for damages, but for reinstatement to his former position. If every appeal to the courts from the decision of an administrative agency for review under the substantial evidence rule were to also engender a cause of action under sec. 1983, the resulting hindrance to the functioning of such agencies would be intolerable.

Appellant's primary objective in this suit is not to secure redress for some asserted deprivation of constitutional rights per se, but rather is plainly to secure judicial review of an administrative agency decision. Inasmuch as we have granted appellant's request for judicial review, by virtue of our disposition of his first and second points of error herein, he has obtained all the relief he is seeking by this action.

In our view the trial court correctly sustained the special exceptions that appellant failed to state a cause of action under 42 U.S.C. sec. 1983, not necessarily for the reason relied on by the trial court, but because the case pled here is controlled by the decision in Pierre v. Jordan, supra. Appellant's point of error three is overruled.

For the reasons stated the order of the trial court dismissing the case is reversed, and the cause is remanded to that court for judicial review pursuant to the substantial evidence rule.