Jean ROSOW, Petitioner,

v.

CITY OF SAN ANTONIO, Respondent.

No. C-5989.

Supreme Court of Texas.

July 8, 1987.

Rehearing Denied Sept. 16, 1987.

James M. Heidelberg, Mendelsohn, Heidelberg Longoria & Beer, Inc., San Antonio, for petitioner.

Lowell F. Denton, City Atty., Crawford B. Reeder, First Ass't City Atty., San Antonio, for respondent.

OPINION

RAY, Justice.

This case involves a claim under 42 U.S.C. § 1983 for wrongful termination of a "classified" civil service employee. The trial court submitted the case to a jury which found that Jean Rosow had been dismissed from her job without due process. The court of appeals reversed and rendered a take-nothing judgment, holding that Rosow's cause of action was not based upon violations of her constitutional right to due process, but rather was a suit for judicial review of an administrative decision. 716 S.W.2d 633. The court of appeals disallowed the § 1983 claim and reversed the trial court concluding that substantial evidence supported the decision to discharge Rosow from employment. We hold that the court of appeals erred in characterizing Rosow's § 1983 claim as an appeal from an administrative decision and accordingly reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Jean Rosow was hired by the City of San Antonio in April, 1972, and subsequently attained classified civil service status. At the time of her termination she had been promoted to the position of "Administrative Assistant V." In March 1980, Rosow's supervisor was fired by the City Manager, Thomas Heubner. Four days later Rosow was told by her new supervisor, Lou Fox, to clean out her desk and find another job with a different City department within thirty days. One month later Fox advised Rosow over the phone that she had been dismissed from City employment. Rosow then requested written notice of her termination and a statement of the reasons for her termination. The City finally gave ade-

quate notice on May 15, 1980, alleging incompetency, discourtesy to fellow employees, and conduct prejudicial to good order. Rosow appealed her termination to the Municipal Civil Service Commission.

The Civil Service Commission conducted three days of hearings that resulted in a unanimous recommendation that Rosow be reinstated to her position. The Commission's recommendation included the statement that it "was particularly distressed by the process by which Ms. Rosow was dismissed." Finally, the Commission requested a conference with City Manager Huebner, who received the recommendation and was responsible for making a final decision. However, Huebner did not grant the Commission's request for a conference to discuss the recommendation but instead disregarded the Commission's recommendation and, without considering all of the evidence, terminated Rosow.

Rosow then filed suit claiming that the City's actions in terminating her employment violated rights afforded her under both the state and federal constitutions. The case was tried before a jury which found that the City's termination of Rosow was "arbitrary and capricious" because such action was taken "without consideration of the facts...." The jury awarded Rosow $150,000.00 in damages. Judgment was rendered for that amount plus prejudgment interest and attorneys' fees and the City was ordered to reinstate Rosow to a position of like status and pay. The judgment also stated that "substantial evidence did not exist to terminate the employment of Jean Rosow...."

In its Motion to Disregard Jury Findings and to Enter Judgment N.O.V. for the Defendant, the City contended that the trial court had erred by submitting Issue No. 1 to the jury because the question of whether there was substantial evidence to support Huebner's decision is a question of law and that as a matter of law there was substantial evidence to support such decision. The trial court overruled the City's Motion.

Although the court of appeals conceded that Rosow "clearly had a vested property right in her job," it concluded that her claim was an appeal from an administrative action and therefore reviewable under the substantial evidence rule. 716 S.W.2d at 635. The court of appeals held that the trial court had improperly submitted the case to the jury and that "[a]lthough the City did not object to the submission of this question of law to the jury, we find that the jury's finding on such an issue is immaterial and cannot, as a matter of law, be the basis of a judgment." *Id.* at 637. The court of appeals then reviewed the record and determined that substantial evidence existed to support Huebner's decision to terminate Rosow. The judgment of the trial court was reversed and judgment was rendered that Rosow take nothing.

Rosow contends that the court of appeals erred in characterizing her cause of action as an appeal from an administrative action and that in doing so denied her the right to trial by jury on her constitutional claims. We agree. Because the court of appeals characterized Rosow's claim as an administrative appeal, it reviewed the case only to determine whether substantial evidence supported Huebner's decision to remove Rosow, giving no weight to the jury's finding that Huebner acted arbitrarily and capriciously. The gravamen of Rosow's complaint was that she was denied procedural due process because she was not afforded an opportunity to present her side of the evidence before the ultimate decision maker, Huebner. Her pleadings frame the cause of action as an original action based on an unconstitutional deprivation actionable under 42 U.S.C. § 1983. Testimony developed during trial in support of her § 1983 claim was received without objection by the City. Indeed, the record before us demonstrates that no objections were made by the City to either the pleadings, the evidence or the issue and instructions submitted to the jury and that the City first complained or gave notice of its contentions in its Motion for Judgment N.O.V.

As conceded by the City and the court of appeals, Rosow had a vested property right in her job and an expectation of continued employment as long as she did not violate the Civil Service Rules governing removal

of "classified" employees. 716 S.W.2d at 635 (*citing Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Bueno v. City of Donna,* 714 F.2d 484 (5th Cir.1983); *and Davis v. Nuss,* 432 F.Supp. 44 (S.D.Tex.1977)). Rosow was unquestionably deprived of that property right which she contended was effected in violation of her right to procedural due process.

The court of appeals, in concluding that Rosow's claim was in "substance" a suit for review of an administrative decision, incorrectly relied on *Martine v. Board of Regents,* 578 S.W.2d 465 (Tex.Civ.App.—Tyler 1979), *appeal after remand,* 607 S.W.2d 638 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.). *Martine* is distinguishable from the case at hand. Although *Martine* also involved a wrongful termination claim, the cause of action was primarily a suit for judicial review of an administrative agency decision in which the claimant sought reinstatement to his former position rather than damages. *Id.* at 474. The court in *Martine* noted that:

> [A]ppellant has alleged no discriminatory or unreasonable conduct by the Board; neither has he made any allegations that the Board acted in bad faith, for a constitutionally impermissible reason, or beyond the authority granted it by statute—except to allege that he should be accorded the right to judicial review of the determination made by the Board to dismiss him. *Id.*

Additionally, appellant's counsel in *Martine* stated in oral argument that what appellant is " 'basically trying to get out of this lawsuit is judicial review of [the] decision by appellees to fire him.' " *Id.* The § 1983 claim was admittedly " 'an alternate cause of action that we threw in.' " *Id.* The basis for the court of appeal's holding in *Martine* was that the appellant's suit was not brought "to secure redress for some asserted deprivation of constitutional rights per se, but rather is plainly to secure judicial review of an administrative agency decision." *Id.*

The present case was clearly developed as a § 1983 case. *See Davis v. West Com-*

*munity Hospital,* 755 F.2d 455, 462–64 (5th Cir.1985). The jury found that the City Manager's decision to terminate Rosow was "arbitrary and capricious" and was made without consideration of the facts. In addition to reinstatement, Rosow sought and was awarded damages and attorney's fees pursuant to her § 1983 claim. Thus, the court of appeals erred in characterizing Rosow's suit as an administrative appeal and in failing to review this case as a § 1983 claim. However, because the City has failed to preserve the right to complain of the trial court's judgment based on Rosow's § 1983 claim, such judgment must stand.

We therefore reverse the judgment of the court of appeals and affirm the judgment of the trial court.

SPEARS, J., concurs in an opinion joined by WALLACE, ROBERTSON and MAUZY, JJ.

SPEARS, Justice, concurring.

I concur in the majority's opinion. The court of appeals erred in holding that Rosow's suit was, in substance, a suit for review of an administrative decision requiring the application of the substantial evidence rule. Rosow pleaded her case under 42 U.S.C. § 1983 and presented evidence in support of that claim. The jury found for Rosow on her § 1983 issue. The City failed to object to any of these actions.

I concur in affirming the judgment of the trial court solely because the City failed to attack the issues of the propriety of her § 1983 claim, the evidence supporting it, or the accompanying jury issue; these were not preserved for review by the City.

The court's opinion should not be read as recognizing that a § 1983 cause of action arises each time a municipal employee is terminated.

WALLACE, ROBERTSON and MAUZY, JJ., join in this concurring opinion.