4, S.W.2d , (Tex. 19) 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00396-CV







Marva Huckabee, Appellant



v.



Texas Department of Mental Health and Mental Retardation, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NO. 94-05083, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING






PER CURIAM


 Marva Huckabee was fired from her former position as nursing service coordinator at the
Travis State School, a facility of the Texas Department of Mental Health and Mental Retardation ("the
Department"). Huckabee sued the Department for relief, including reinstatement. Among other allegations,
she claimed that the Department had taken her "property" without due process of law. U.S. Const.
amends. V, XIV; Tex. Const. art. 1, § 19. The Department filed a motion to dismiss the cause for lack
of jurisdiction on the basis of sovereign immunity. The trial court sustained the motion and rendered
judgment dismissing the suit. We will affirm in part and reverse and remand in part the trial-court judgment.



STANDARD OF REVIEW


 We are bound to accept factual allegations in the plaintiff's petition as true when reviewing
a trial court's decision to dismiss on the pleadings. Alford v. City of Dallas, 738 S.W.2d 312, 314 (Tex.
App.--Dallas 1987, no writ); Jenkins v. State, 570 S.W.2d 175, 177 (Tex. Civ. App.--Houston [14th
Dist.] 1978, no writ); see also Brazosport Savings & Loan Ass'n v. American Savings & Loan Ass'n,
342 S.W.2d 747, 752 (Tex. 1961). In examining whether a dismissal for want of jurisdiction is
appropriate, we must "construe the pleadings in favor of the plaintiff and look to the pleader's intent." 
Texas Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). We must reverse
the dismissal unless the petition affirmatively demonstrates that no cause of action exists or that the plaintiff's
recovery is barred. See Dorchester Master Ltd. Partnership v. Dorchester Hugoton, Ltd., 914 S.W.2d
696, 703 (Tex. App.--Corpus Christi 1996, writ granted w.r.m.); Ramirez, 900 S.W.2d at 906.



ANALYSIS


 Huckabee's third amended original petition alleged that (1) the termination deprived her
of her property right and interest in continued employment, created by agreement between the parties and
"just cause" provisions of the Department's regulations; (2) the Department did not comply with pre-termination procedural processes required by its rules; (3) the Department did not have "just cause" to
terminate her; (4) the termination was motivated by her alignment with the plaintiff in a separate suit against
the Department, thus violating her right to equal protection of the law and freedom of association; and (5)
the termination was motivated by her refusal to perform acts which would have violated the Nursing
Practice Act.

 Huckabee brought a section 1983 action, sought a declaratory judgment that the
termination was void because unconstitutional, and requested reinstatement and back pay. The trial court's
order dismissed all claims.



Section 1983

 By point of error one, Huckabee complains that the trial court erroneously dismissed her
section 1983 cause of action. Title 42 U.S.C.A. § 1983 (West 1994). Section 1983 creates a cause of
action against a person who, under color of state law, deprives the plaintiff of rights, privileges or immunities
secured by the Constitution of the United States. To proceed under section 1983, Huckabee must show
that the Department is a "person" under that statute. The United States Supreme Court has held a state
and its agencies are not persons for purposes of section 1983. Will v. Michigan Dep't of State Police,
491 U.S. 58, 71 (1989); Howlett v. Rose, 496 U.S. 356, 365 (1990); see also State v. Bigger, 848
S.W.2d 291, 295 (Tex. App.--Austin), affirmed, 873 S.W.2d 11 (Tex. 1994); Lopez v. Public Util.
Comm'n, 816 S.W.2d 776, 781-82 (Tex. App.--Austin 1991, writ denied).

 Huckabee pleaded that the Department was a "political subdivision," which has been held
to be a "person" subject to suit under section 1983. See, e.g., Mitchell v. Amarillo Hosp. Dist., 855
S.W.2d 857, 865 (Tex. App.--Amarillo 1993, writ denied). Huckabee claims that the trial court should
have accepted as true her conclusion that the Department was a political subdivision rather than a state
agency. We disagree.

 Although the trial court should have accepted Huckabee's factual allegations as true, the
determination whether a statute applies to a certain person is a question of law rather than fact. A court
is not obliged to accept as true an incorrect conclusion of law.

 A political subdivision differs from an agency in several ways. A political subdivision has
jurisdiction over a discrete portion of the state, is governed by locally elected officials, or persons appointed
by locally-elected officials, and has the power to assess and collect taxes. Guaranty Petroleum Corp.
v. Armstong, 609 S.W.2d 529, 531 (Tex. 1980). A state agency, by contrast, has state-wide jurisdiction,
is governed by either state-wide elected officials or officials appointed by state officials, and has no power
to assess and collect taxes. Id.

 The Department is responsible for administering and coordinating mental health and mental
retardation services at the state and local levels. Tex. Health & Safety Code Ann. § 531.001 (West 1992
& Supp. 1996). It is governed by a board appointed by the governor with the advice and consent of the
senate. Id. § 532.003. Its board is the state's mental health and mental retardation authority and is
responsible for the planning, policy development, and resource development and allocation for and
oversight of mental health and mental retardation services in the state. Id. § 531.01(h). Nothing indicates
that the Department is authorized to assess taxes. We conclude that the Department is not a "political
subdivision" separate from the state and is therefore protected by the state's immunity from section 1983
actions. We overrule point of error one.



Declaratory judgment and equitable relief

 By point of error two, Huckabee complains that the trial court erred in dismissing her
declaratory judgment claim. The declaratory judgment act is a limited waiver of sovereign immunity. Tex.
Civ. Prac. & Rem. Code Ann. § 37.004 (West 1986). Section 37.004 provides as follows:



A person interested under a deed, will, written contract, or other writings constituting a
contract or whose rights, status or other legal relations are affected by a statute, municipal
ordinance, contract, or franchise may have determined any question of construction or
validity arising under the instrument, statute, ordinance, contract, or franchise and obtain
a declaration of rights, status, or other legal relations thereunder.



Id. Huckabee argues that she is entitled to a declaratory judgment because the Department breached an
employment contract. Even assuming the existence of a contract, sovereign immunity protects the state
from contract claims. See Texas Southern Univ. v. Federal Sign, 889 S.W.2d 509, 511 (Tex.
App.--Houston [14th Dist.] 1994, writ granted); Green Int'l, Inc. v. State, 877 S.W.2d 428, 434-36
(Tex. App.--Austin 1994, writ dism'd); Courtney, 806 S.W.2d at 283-85. One may not characterize
a contract dispute as a declaratory judgment claim to avoid sovereign immunity. W. D. Haden Co. v.
Dodgen, 306 S.W.2d 838, 842-43 (Tex. 1958).

 Neither is Huckabee alleging that her rights, status or other legal relations were affected
by a statute or ordinance. Rather, her claims are based on conduct that she claims deprived her of rights. 
The declaratory judgment act waives sovereign immunity from suits complaining of acts committed under
a statute or regulation. See Texas Educ. Agency v. Leeper, 893 S.W.2d 432, 446 (Tex. 1994) (suit to
enjoin state from enforcing Texas Education Agency's interpretation of private school exemption); Majestic
Indus., Inc. v. St. Clair, 537 S.W.2d 297, 300 (Tex. Civ. App.--Austin 1976, writ ref'd n.r.e.) (suit to
enjoin enforcement of Mobile Homes Standard Act). Huckabee, however, is not challenging acts
committed under a statute or regulation.

 Nevertheless, Huckabee's complaint, though unartfully worded and somewhat confused
about the concept of "equitable relief," also states that she has a right to a determination whether public officials acted wrongfully and to equitable relief based on her allegations that
the Department interfered with her constitutional right to freedom of association and to continued
employment. A close reading of her argument and the case she relies on, City of Beaumont v. Bouillion,
896 S.W.2d 143, 150 (Tex. 1995), shows that what she seeks is an adjudication whether the Department's
acts were unconstitutional and equitable relief in the form of reinstatement.

 The state is not liable for damages for due process deprivations. See Alcorn v. Vaksman,
877 S.W.2d 390, 403-404 (Tex. App.--Houston [1st Dist.] 1994, writ denied); see also Bouillion, 896
S.W.2d at 149 (state not liable for damages for violation of free speech and assembly clauses of Texas
Constitution). However, a plaintiff whose constitutional rights have been violated may receive equitable
relief. Bouillion, 896 S.W.2d at 149; Alcorn, 877 S.W.2d at 404; Courtney, 806 S.W.2d at 283-85;
Jones v. Memorial Hosp. Sys., 677 S.W.2d 221, 225-26 (Tex. App.--Houston [1st Dist.] 1984, no
writ); Martine v. Board of Regents, 578 S.W.2d 465, 472 (Tex. Civ. App.--Tyler 1979, no writ); see
also University of Tex. Medical Sch. v. Tham, 901 S.W.2d 926, 933-34 (Tex. 1995). Construing the
pleading in her favor, as we must, we conclude that Huckabee's claim for equitable relief is not barred if
she has stated facts that, if proven, show that she possessed a property interest in her job.

 The issue is whether Huckabee's allegation she could only be fired for "just cause" is
sufficient to create a property interest. The United States Supreme Court defined a constitutionally
protected property interest in Logan v. Zimmerman Brush Co. as "an individual entitlement grounded in
state law, which cannot be removed except `for cause.'" Logan v. Zimmerman Brush Co., 455 U.S.
422, 430 (1982). In Logan, the Supreme Court held that a statute requiring a commission to convene a
fact finding conference to investigate an unlawful termination constituted a substantive limit on the state's discretion creating a property interest. Likewise,
in Grounds v. Tolar Independent School District, the Texas Supreme Court held that a statutory
requirement of preestablished reasons for nonrenewal of a teacher's contract constitutes a substantive limit
on the state's discretion that creates a property interest. Grounds v. Tolar Indep. Sch. Dist., 856 S.W.2d
417, 418 (Tex. 1993); see also Cain v. Larson, 879 F.2d 1424, 1426 (7th Cir.), cert. denied, 493 U.S.
992 (1989). We hold that Huckabee's petition alleged a constitutionally protected property interest right
because it states that she could only be fired for "just cause."

 The Department, in reliance on Bagg v. University of Tex. Medical Branch, 726 S.W.2d
582 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.), and Harris County v. Going, 896 S.W.2d
305, 309 (Tex. App.--Houston [1st Dist.] 1995, writ denied), argues that Huckabee cannot sue the
agency directly for interfering with a property interest. We disagree.

 Sovereign immunity does not prevent the assertion of a claim alleging that the state deprived
the plaintiff of property without due process of law. See, e.g., Stone v. Texas Liquor Control Bd., 417
S.W.2d 385, 385-86 (Tex. 1967); Chemical Bank & Trust Co. v. Falkner, 369 S.W.2d 427, 433 (Tex.
1963); Brazosport Sav. & Loan Ass'n, 342 S.W.2d 747, 750-52 (Tex. 1961); City of Amarillo v.
Hancock, 239 S.W.2d 788, 791-92 (Tex. 1951); Martine, 578 S.W.2d at 470. The Bill of Rights
protects a citizen from the state's excesses. Just as the state may not assert sovereign immunity to avoid
a claim that property was taken without compensation, Steele v. City of Houston, 603 S.W.2d 786, 791
(Tex. 1980), the state may not assert sovereign immunity to avoid a claim that it took property without due
process of law. To allow the state to interpose a defense of sovereign immunity would render due process of law
meaningless.

 We reject the reasoning in Bagg, 726 S.W.2d at 582, in which the court of appeals held
on very similar facts that the terminated plaintiff, who may have been entitled to the equitable relief of
reinstatement, could not directly sue his former employer, a state university, for such relief. See also
Going, 896 S.W.2d at 309 (county possessed sovereign immunity from claim for equitable relief by
employee who was allegedly fired because he exercised his first amendment rights). Bagg and Going are
inconsistent with Texas Supreme Court cases holding that sovereign immunity does not bar a cause alleging
that the state had deprived the plaintiff of a property right. See, e.g., Stone, 417 S.W.2d at 385-86;
Chemical Bank, 369 S.W.2d at 433; Brazosport Sav. & Loan Ass'n, 342 S.W.2d at 750-52; Hancock,
239 S.W.2d at 788.

 Consistent with that line of supreme court cases, two courts of appeals have held that a
discharged employee having a property interest in his job could sue a state university for equitable relief. 
Courtney, 806 S.W.2d at 283-85 (lecturer whose position with state university was terminated could sue
university to protect property interest in continued employment); Martine, 578 S.W.2d at 470 (terminated
employee who had property interest in his job could sue board); see also Tham, 901 S.W.2d at 933-34
(upholding injunction prohibiting university from interfering with student's liberty interest); Public Util.
Comm'n of Texas v. City of Austin, 728 S.W.2d 907 (Tex. App.--Austin 1987, writ ref'd n.r.e.)
(immunity did not preclude suit alleging commission acted beyond its authority). We follow Martine and
Courtney.

 The Department also relies on Dillard v. Austin Independent School District, 806
S.W.2d 589 (Tex. App.--Austin 1991, writ denied), to support its claim that Huckabee may not sue the
agency directly. Dillard is distinguishable because the plaintiff in that case sought monetary compensation
for an alleged intentional tort rather than equitable relief for the unconstitutional deprivation of a property
interest. A governmental unit is not liable for the intentional torts of its employees. Fireman's Ins. Co. v.
Board of Regents, 909 S.W.2d 540 (Tex. App.--Austin 1995, writ requested). (1)

 We sustain point of error two with regard to the claim for equitable relief to remedy the
state's interference with a protected property right and overrule it with regard to the declaratory judgment
claim.



CONCLUSION


 We affirm the trial-court judgment with regard to the section 1983 and the declaratory
judgment claims. We reverse and remand the remaining issues to the trial court for proceedings consistent
with this opinion.


Before Justices Powers, Aboussie and Kidd

Affirmed in Part; Reversed and Remanded in Part

Filed: January 30, 1997

Do Not Publish

1.   We also distinguish Turner v. Texas Dep't of Mental Health & Mental Retardation, 920
S.W.2d 415 (Tex. App.--Austin 1996, writ denied), which involved a suit brought after the plaintiff
was allegedly wrongfully detained for mental illness. Turner did not involve a protected property
interest.


ess of law. See, e.g., Stone v. Texas Liquor Control Bd., 417
S.W.2d 385, 385-86 (Tex. 1967); Chemical Bank & Trust Co. v. Falkner, 369 S.W.2d 427, 433 (Tex.
1963); Brazosport Sav. & Loan Ass'n, 342 S.W.2d 747, 750-52 (Tex. 1961); City of Amarillo v.
Hancock, 239 S.W.2d 788, 791-92 (Tex. 1951); Martine, 578 S.W.2d at 470. The Bill of Rights
protects a citizen from the state's excesses. Just as the state may not assert sovereign immunity to avoid
a claim that property was taken without compensation, Steele v. City of Houston, 603 S.W.2d 786, 791
(Tex. 1980), the state may not assert sovereign immunity to avoid a claim that it took property without due
process of law. To allow the state to interpose a defense of sovereign immunity would render due process of law
meaningless.

 We reject the reasoning in Bagg, 726 S.W.2d at 582, in which the court of appeals held
on very similar facts that the terminated plaintiff, who may have been entitled to the equitable relief of
reinstatement, could not directly sue his former employer, a state university, for such relief. See also
Going, 896 S.W.2d at 309 (county possessed sovereign immunity from claim for equitable relief by
employee who was allegedly fired because he exercised his first amendment rights). Bagg and Going are
inconsistent with Texas Supreme Court cases holding that sovereign immunity does not bar a cause alleging
that the state had deprived the plaintiff of a property right. See, e.g., Stone, 417 S.W.2d at 385-86;
Chemical Bank, 369 S.W.2d at 433; Brazosport Sav. & Loan Ass'n, 342 S.W.2d at 750-52; Hancock,
239 S.W.2d at 788.

 Consistent with that line of supreme court cases, two courts of appeals have held that a
discharged employee having a property interest in his job could sue a state university for equitable relief. 
Courtney, 806 S.W.2d at 283-85 (lecturer whose position with state university was terminated could sue
university to protect property interest in continued employment); Martine, 578 S.W.2d at 470 (terminated
employee who had property interest in his job could sue board); see also Tham, 901 S.W.2d at 933-34
(upholding injunction prohibiting university from interfering with student's liberty interest); Public Util.
Comm'n of Texas v. City of Austin, 728 S.W.2d 907 (Tex. App.--Austin 1987, writ ref'd n.r.e.)
(immunity did not preclude suit alleging commission acted beyond its authority). We follow Martine and
Courtney.

 The Department also relies on Dillard v. Austin Independent School District, 806
S.W.2d 589 (Tex. App.--Austin 1991, writ denied), to support its claim that Huckabee may not sue the
agency directly. Dillard is distinguishable because the plaintiff in that case sought monetary compensation
for an alleged intentional tort rather than equitable relief for the unconstitutional deprivation of a property
interest. A governmental unit is not liable for the intentional torts of its employees. Fireman's Ins. Co. v.
Board of Regents, 909 S.W.2d 540 (Tex. App.--Austin 1995, writ requested). (1)

 We sustain point of error two with regard to the claim for equitable relief to remedy the
state's interference with a protected property right and overrule it with regard to the declaratory judgment
claim.



CONCLUSION


 We affirm the trial-court judgment with regard to the section 1983 and the declaratory
judgment claims. We reverse and remand the remaining issues to the trial court for proceedings consistent
with this opinion.


Before Justices Powers, Aboussie and Kidd

Affirmed in Part; Reversed and Remanded in Part

Filed: January 30, 1997

Do Not Publish

1.   We also distinguish Turner v. Texas Dep't of Mental Health & Mental Retardation, 920
S.W.2d 415 (Tex. App.--Austin 1996, writ denied), which involved a suit brought after the plaintiff
was allegedly wrongfully detained for mental illness. Turner did not involve a protected property
interest.